# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 3:99CR00007 |
| v. | **OPINION** |
| **SHARON WHITE**, | By: James P. Jones<br>Chief United States District Judge |
| Defendant. | |

*Stephen J. Pfleger, Assistant United States Attorney, Charlottesville, Virginia, for United States; Frederick T. Heblich, Jr., Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The government has objected to any reduction in sentence for this defendant, who is eligible for such a reduction under 18 U.S.C. § 3582(c)(2) by virtue of the lowering of the crack cocaine guidelines.

I will overrule the government's objections.

The government, in its stock response, asks the court to reconsider information contained in the Presentence Investigation Report ("PSR") (in particular the conduct underlying the offense and the defendant's criminal history), to consider the fact that the defendant has been treated with "substantial leniency" because she has benefitted from a plea agreement, and to consider the defendant's behavior while incarcerated.

I find none of the government's boilerplate arguments persuasive. As I have explained on several prior occasions, *see, e.g.*, *United States v. Herndon*, No. 3:01CR00063, 2008 WL 750588 at *1 (W.D. Va. Mar. 19, 2008), the defendant's criminal background and the conduct underlying her offense are taken into consideration when calculating her Criminal History Category and Total Offense Level. The PSR, whose factual findings and conclusions the court adopted at the original sentencing, indicates that the defendant has no convictions other than the ones for which she is currently incarcerated. Furthermore, the government has failed even to allege that the defendant's criminal history or danger to the public are not accurately conveyed by her Criminal History Category and Total Offense Level. Accordingly, I find that neither the conduct underlying the offense nor the defendant's nonexistent criminal history is a bar to reducing her sentence.

The government next argues that the defendant has already received a lower sentence than she should have received because she benefitted from a plea agreement, and therefore her sentence should not be reduced. The government's argument, taken to its logical conclusion, boggles the mind. According to the government, if a defendant pleads guilty and accepts responsibility for her criminal behavior, her sentence should not be reduced because she has already benefitted from a plea agreement. In contrast, those defendants who put the government to its burden of

proof at trial would deserve a reduction because they have not already benefitted from a plea agreement. To the extent that a plea agreement is relevant to whether a defendant's sentence should be reduced in accord with the amended sentencing guidelines, it cannot have the impact asserted by the government.

Finally, the government contends the defendant's behavior while incarcerated militates against a reduction in her sentence. The Chronological Disciplinary Report submitted by the government indicates that in the almost ten years that the defendant has been incarcerated, she has never been sanctioned for misconduct. A Federal Bureau of Prisons Progress Report, dated May 12, 2008, describes the defendant in the following manner:

> Inmate White has experience in the Yard, Unicor, and as a[n] Education Aide [in] work details at this facility. She receives outstanding work reports, and is described by her supervisor as a willing worker, who needs little supervision. Inmate White's work supervisors both in the present and the past indicate that she strives to excel in performance and works well with others. She is reported to be a dependable worker, who learns rapidly and completes assigned tasks in a timely manner.

The Report also notes that the defendant has completed a number of education classes and counseling programs, including "40-Hour Drug Abuse Program, Conflict Resolution, Problem Solving Skills, AIDS Awareness, and several religious groups." By all appearances, the defendant has been a model inmate and has taken advantage

- 3 -

of her time in prison to educate herself and to contribute to the prison community. Her commendable behavior while incarcerated is a strong argument for a reduction of her sentence.

    A separate judgement will be entered.

                                  Dated: July 30, 2008

                                  /s/ JAMES P. JONES
                                  Chief United States District Judge